**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| HEATHER THAYER, | ) ) ) | Case No.: |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| THE UNIVERSITY OF KANSAS HEALTH SYSTEM, | ) ) ) | **JURY TRIAL DEMAND** |
| *Defendant.* | ) ) ) | |

## <u>COMPLAINT</u>

Heather Thayer, for here cause of action against The University of Kansas Health Systems ("KU"), alleges the following:

### Preliminary Statement

This is an employment discrimination case arising from Defendant's termination of Heather Thayer.  In August 2017, Thayer (after she inquired about the need for an accommodation related to a medical condition), voiced her concerns to Jane Gonzales that she believed she was being discriminated against for having an disability because she was not being offered the same benefits as her co-workers as it relates to paid time off.  Additionally, in early October 2017, Thayer informed her supervisor, Rita Richter, that she was pregnant.  On or about October 19, 2017, Thayer (at the suggestion of Richter) made a request for accommodation to human resources related to her pregnancy.  The following day, Thayer received a call from Richter stating that "an investigation" had been started related to Thayer's work and that she would be on paid administrative leave pending this investigation.  In the days following, during a conversation with her supervisor, Thayer voiced concerns that she believed she was being discriminated

against because of her pregnancy and that the "investigation" was impartial and nothing more than a tool to use to terminate her employment.  On October 31, 2017, approximately one month after giving noticed that she was pregnant, Thayer was terminated.  Defendant's reasoning for her is mere pretext and its conduct amounts to discrimination on the basis of her gender/pregnancy, her disability and/or perceived disability and in retaliation for making complaints of discrimination.

## Parties and Jurisdiction

1.      Thayer is a citizen of the United States and a resident of the City of Olathe, Johnson County, Kansas.

2.      Defendant KU has its principal office located at 3901 Rainbow Boulevard, Kansas City, Kansas 66160.

3.      Plaintiff was an employee with KU from June 2017 until her termination on October 31, 2017.

4.      This Court has jurisdiction over this case pursuant to 42 U.S.C. §§2000e-5(f)(3) and 28 U.S.C. §1331.

5.      Venue is proper pursuant to 28 U.S.C. §1931(b) as Defendant resides in this District and the events giving rise to this suit occurred in this District.

## Administrative remedies have been exhausted

6.      Thayer incorporates by reference the above paragraphs as though set forth separately herein.

7.      Thayer filed her Charge of Discrimination (No. 563-2018-00779) with the U.S. Equal Employment Opportunity Commission (EEOC), for disability and sex/pregnancy discrimination and retaliation on or about January 11, 2018.  Plaintiff was issued a Notice of Right to

Sue for this Charge on June 14, 2018, and has filed the instant action within ninety dates of receipt of same.

8.      Accordingly, Thayer has met all administrative prerequisites prior to filing this action.

## Facts Common to All Counts

9.      Thayer is female.

10.     Thayer suffers from mastocytosis.

11.     At the time she was hired KU knew of Ms. Thayer's medical condition.

12.     In August 2017, Thayer spoke with Jane Gonzales, with KU's employee relations department, regarding the possibility for accommodation for her medical condition.

13.     Thayer was instructed that when she filed the accommodation paperwork, she would have to take PTO time for any appointments.

14.     This was not the policy, however, in Thayer's department.  In fact, the policy was that PTO was not required if time missed was four hours or less.

15.     During her conversation with Ms. Gonzales, Thayer stated that she felt she was being discriminated against for having an disability or perceived disability because she was not being offered the same benefits as her co-workers.

16.     Thayer also stated that she felt Gonzales was biased and not sensitive to her disability as she stated "other employees would never miss any work in the first 90 days, let along what you [Thayer] has".

17.     Thayer's productivity was not impacted a result of her medical appointments.  In fact, Thayer received praise from her Richter who indicated, among other things, that Thayer's ability to take on additional responsibilities outside her role helped the department greatly.

18.     In early October 2017, Thayer informed Richter that she was pregnant.

19.     On or about October 19, 2017, and at the suggestion of Richter, Thayer made a request for accommodation to Jane Gonzales.

20.     The following day (October 20, 2017), Thayer received a call from Ms. Richter informing her that KU had started an "investigation" into her work.

21.     On or about October 24, 2017, Thayer was informed (by Richter) that she was being placed on administrative leave.

22.     On October 26, 2017, Thayer received a phone call from Richter regarding the "progress" of the investigation.  Thayer stated to Richter that she believed she was being discriminated against, because of her pregnancy, and didn't believe the investigation was being done impartially and was aimed at trying to find a "non-discriminatory" way to terminate her.

23.     On October 31, 2017, Thayer was terminated by for what was claimed to be violations of the code of ethics.

24.     In reality, Thayer was terminated because of her gender/pregnancy, her disability and/or perceived disability and in retaliation for engaging in protected activity for her prior complaints of discrimination.

### <u>COUNT I</u>
**Gender and Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Pregnancy Discrimination Act of 1978)**

25.     Thayer realleges and incorporates by reference all preceding paragraphs.

26.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e and the Pregnancy Discrimination Act prohibit adverse employment actions that are motivated by an employee's gender and prohibit an employer from discriminating against an employee based on pregnancy, childbirth or related medical conditions.

27.     Plaintiff was a pregnant female that suffered from a pregnancy-related medical condition (mastocytosis).   Therefore, Plaintiff is entitled to the protections of Title VII, as amended by the Pregnancy Discrimination Act of 1978.

28.     Thayer gave notice to KU of her pregnancy in early October.

29.     Plaintiff's gender and pregnancy contributed to KU's decision to terminate her.

30.     KU's actions against Thayer constitute discrimination against Plaintiff on the basis her gender and pregnancy.

31.     KU knew of should have known of the discrimination against Plaintiff, based on her gender and pregnancy and failed to implement prompt and appropriate corrective action.

32.     Through the actions set forth in the foregoing paragraphs, KU intentionally discriminated against Plaintiff based on her gender and pregnancy all in violation of Title VII and the Pregnancy Discrimination Act.

33.     KU maintained inadequate written policies, procedures and guidelines with respect to retaliation for reports of discrimination based on Plaintiff's gender and pregnancy.

34.     As a result of the above mentioned discrimination, Plaintiff was damaged and is entitled to all remedies available to her as provided by Title VII and the Pregnancy Discrimination Act, including but not limited to damages for loss of income, embarrassment, humiliation, emotional distress, damage to her reputation, diminution in earning capacity and other damages as yet undetermined and Plaintiff is reasonably expected to suffer from such damage in the future.

35.     KU's conduct constitutes intentional discrimination on the basis of Plaintiff's gender and pregnancy with malice and/or reckless disregard to Plaintiff's known rights.

36.     Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will punish KU and will deter it and others from like conduct.

WHEREFORE, Thayer requests that the Court grant her judgment against KU in an amount that is fair and reasonable, for punitive damages, for her costs and attorneys' fees and for such other relief as this Court deems just and proper.

## COUNT II
### Title VII Retaliation Claim

37.     Thayer realleges and incorporates all preceding paragraphs.

38.     Thayer engaged in protected activity in that she complained to management about discrimination based on her gender/pregnancy.

39.     In retaliation for engaging in protected activity, KU terminated Thayer.

40.     Thayer suffered economic and non-economic damages as a result of the conduct of KU.

41.     The actions of KU were committed with malice or reckless indifference to her federally protected rights.

WHEREFORE, Thayer prays for judgment against KU for her actual and punitive damages and her reasonable attorneys' fees, together with his costs, and any other relief the Court deems fair and equitable.

## COUNT III
### ADA Discrimination Claim

42.     Thayer realleges and incorporates by reference all preceding paragraphs.

43.     Thayer has a physical impairment that substantially limits one or more of her major life activities and/or Defendants perceive her to have such an impairment.

44.     Thayer was terminated because she has a disability within the meaning of the ADA or because KU perceived her to have such a disability.

45.     Defendant failed to engage in the interactive process to determine if Thayer had a disability or if she could be reasonably accommodated.

46.     Thayer suffered economic and non-economic damages as a result of the conduct of KU.

47.     The actions of KU were committed with malice or reckless indifference to her federally protected rights.

WHEREFORE, Thayer prays for judgment against KU for her actual and punitive damages and her reasonable attorneys' fees, together with her costs, and any other relief the Court deems fair and equitable.

### COUNT IV
### ADA Retaliation Claim

48.     Thayer realleges and incorporates by reference all preceding paragraphs.

49.     Thayer engaged in protected activity in that she that she complained of discrimination for the harassment he was subjected to because of her disability or her perceived disability.

50.     In retaliation for her engagement in protected activity, KU terminated Thayer's employment.

51.     Thayer suffered economic and non-economic damages as a result of the conduct of KU.

52.     The actions of KU were committed with malice or reckless indifference to her federally protected rights.

WHEREFORE, Thayer prays for judgment against KU for his actual and punitive damages and his reasonable attorneys' fees, together with his costs, and any other relief the Court deems fair and equitable.

## Jury Demand and Place of Trial

Thayer respectfully requests a trial by jury on all issues so triable in Kansas City, Kansas.

HKM EMPLOYMENT ATTORNEYS LLP

*/s/ John J. Ziegelmeyer III*
John J. Ziegelmeyer III          KS No. 23003
American Century Tower II
4520 Main Street, Suite 700
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
www.hkm.com

ATTORNEYS FOR PLAINTIFF