UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HEATHER THAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2386-JAR-TJJ |
| | ) | |
| THE UNIVERSITY OF KANSAS | ) | |
| HEALTH SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>SCHEDULING ORDER</u>

On November 5, 2018, in accordance with Fed. R. Civ. P. 16, the undersigned U.S.

Magistrate Judge, Teresa J. James, conducted a telephone scheduling conference in this case with

the parties. Plaintiff appeared through counsel, John J. Ziegelmeyer, III. Defendant appeared

through counsel, Henry J. Thomas.

After consultation with the parties, the court enters this scheduling order, summarized in

the table that follows:

| HEATHER THAYER v. THE UNIVERSITY OF KANSAS HEALTH SYSTEM<br>18-cv-2386-JAR-TJJ<br>SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **Previously submitted** |
| Defendant's settlement counter-proposal | **November 9, 2018** |
| Jointly **filed** mediation notice (through CM/ECF), or confidential settlement reports **emailed** to magistrate judge ksd_james_chambers@ksd.uscourts.gov. | **December 5, 2018** |
| Mediation completed | **March 5, 2019** |
| ADR report due | **14 days after mediation is held** |
| Exchange documents identified in Rule 26(a) Initial Disclosures | **November 9, 2018** |
| Final supplementation of initial disclosures | **40 days before deadline for completion of all discovery** |
| All discovery completed | **May 13, 2019** |
| Experts disclosed by plaintiff | **December 1, 2018** |
| Experts disclosed by defendant | **February 4, 2019** |
| Rebuttal experts disclosed | **March 4, 2019** |
| Physical and mental examinations | **January 14, 2019** |
| Jointly proposed protective order submitted to court | **November 9, 2018** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **November 16, 2018** |
| Motions to dismiss | **December 1, 2018** |
| Motions to amend or join additional parties | **December 1, 2018** |
| All other potentially dispositive motions (e.g., summary judgment) | **June 14, 2019** |
| Motions challenging admissibility of expert testimony | **June 14, 2019** |
| Comparative fault identification | **Does not apply** |
| Proposed pretrial order due | **May 27, 2019** |
| Pretrial conference before Judge James – Telephone **Dial 888-363-4749 and enter Access Code 4901386** | **May 30, 2019 at 10:30 AM** |
| Jury Trial in KC, KS. Before Chief Judge Julie Robinson in courtroom 427. ETT 5 days. | **February 18, 2020 at 9:00 AM** |

**1)      Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff has already submitted a good-faith settlement proposal to defendant. Defendant must make a good-faith counter-proposal by **November 9, 2018**. By **December 5, 2018**, unless the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge) at ksd_james_chambers@ksd.uscourts.gov. These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must <u>not</u> be filed with the Clerk's Office.

Mediation is ordered. Absent further order of the court, mediation must be held no later than **March 5, 2019**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2)** **Discovery.**

      a)      The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).

      The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

      b)      In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various items described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by **November 9, 2018 or upon the Court's entry of a protective order, whichever is later**.

      c)      Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule. In any event, final

supplemental disclosures must be served no later than 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

d)      All discovery must be commenced or served in time to be completed by **May 13, 2019**. Under the December 1, 2015 amendments to the Federal Rules of Civil Procedure, the court reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any non-privileged matter *provided* it is (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery is proportional is to be determined by considering, to the extend they apply, the following six factors:   (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

e)      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **December 1, 2018**, and by defendant by **February 4, 2019**; disclosures and reports by any rebuttal experts

must be served by **March 4, 2019**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

    f)   The parties disagree regarding whether physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. In any event, the parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **January 14, 2019**. If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.

    g)   The court considered the following discovery problem(s) raised by one or more of the parties:

- None

    h)   Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

- The parties intend to produce electronically stored information in hard copy or static form (e.g., .pdf or .tif images), thereby allowing documents produced to be indexed and

individually marked through "Bates" stamping.
- Upon request, the producing party shall provide a description of the manner in which the ESI is stored. If the requesting party believes that production of ESI in its native format is reasonably necessary, the producing party shall produce ESI in its native format so long as it is reasonably accessible and not otherwise objectionable.
- Additionally, the court instructed counsel to review the ESI Guidelines on the court's website and, if appropriate, to supplement in writing their agreement regarding preservation and production of ESI

     i)      Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

- The parties will address this issue in an agreed protective order substantially similar to the form recommended by the Court.

     j)      To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

- The parties will attempt to work through all discovery disputes via telephone and/or written correspondence (i.e. a "Golden Rule" letter) prior to contacting the judge and/or filing discovery motions. If unsuccessful, the parties agree to submit discovery disputes to the magistrate through a phone call prior to filing a motion to determine if the discovery dispute can be resolved without full briefing on the dispute. Depositions will be scheduled by agreement of counsel. Papers may be served via e-mail to opposing counsel.

     k)      No party may serve more than 20 interrogatories, including all discreet subparts, on any other party.

     l)      No more than 7 depositions may be taken by plaintiff, and no more than 7 depositions may be taken by defendant. Each deposition must be limited to 8 hours except for the deposition of plaintiff which must be limited to 9 hours. All depositions must be governed by the written guidelines that are available on the court's website:

7

http://www.ksd.uscourts.gov/deposition-guidelines/

m)     A Protective Order (ECF No. 14) has already been entered in this case.

n)     The parties do consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

o)     The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

3)    **Motions.**

a)    Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **December 1, 2018**.

b)    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **December 1, 2018**.

c)    All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **June 14, 2019**.

d)    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e)    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **June 14, 2019**.

f)    **If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider**

9

**calling or emailing the undersigned Magistrate Judge's chambers to arrange a telephone or in-person discovery conference before filing such a motion. But such a conference is not mandatory. For purposes of complying with the "meet and confer" requirements, the court construes the term "confer" to require more than mere e-mail communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must actually talk with each other about their discovery disputes before filing a motion to compel or similarly related discovery motion.**

g)      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b). In the event a telephone or in-person discovery conference is held, if appropriate the court will adjust the deadline for filing a motion to compel.

h)      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

i)      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4)**     **Pretrial Conference, Trial, and Other Matters.**

    a)     The parties agree that principles of comparative fault do not apply to this case.

    b)     Pursuant to Fed. R. Civ. P. 16(e), a telephone pretrial conference is scheduled for **May 30, 2019 at 10:30 AM**; this pretrial conference will be conducted by dial-in telephone conference call unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person. Counsel and any pro se parties must dial **888-363-4749** and enter Access Code **4901386** to join the conference. Unless otherwise notified, the undersigned Magistrate Judge will conduct the conference.

No later than **May 27, 2019**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to *ksd_james_chambers@ksd.uscourts.gov*. The proposed pretrial order must <u>not</u> be filed with the Clerk's Office. It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

    c)     The parties expect the jury trial of this case to take approximately 5 trial days. The case will be tried in Kansas City, Kansas before District Judge Julie Robinson. This case is set for trial on the court's docket beginning on **February 18, 2020 at 9:00 AM**. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to

11

determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial. The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

       d)     The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

       e)     This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated November 14, 2018, at Kansas City, Kansas.


*Teresa J. James*
U.S. Magistrate Judge